James J. Cunningham, Esq. (SBN 128974)
Law Office of James J. Cunningham, APC
10405 San Diego Mission Rd., Suite 200
San Diego, CA 92108
Telephone: (619) 819-9288
Email: jjc@jimcunninghamlaw.com

*Attorneys for Plaintiff(s)*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE DUARDO, NICK HIBBS AND JASON DENEAU**, on behalf of themselves and other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF SAN DIEGO**,<br><br>Defendant. | Case No. '25CV2311 AJB  BLM<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>COLLECTIVE ACTION - 29 U.S.C. § 216 |

## I.     PRELIMINARY STATEMENT

1.     Plaintiffs are or were employed by Defendant City of San Diego ("Defendant" or "the City") and bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et seq.* to recover unpaid paramedic certification bonus, interest thereon, liquidated damages, costs of suit, reasonable attorney fees, and other relief.

2.     This action arises from Defendant's failure to properly pay the paramedic bonus of $500.00 as part of the "regular rate" of pay used to calculate Plaintiffs' compensation under the FLSA, the City improperly classified it as a non-pensionable stipend and not part of regular pay.

//

//

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** - 1

## II. JURISDICTION AND VENUE

3.  Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1331 and 29 U.S.C. Section 216(b). This Court has subject matter jurisdiction pursuant to 29 U.S.C. Sections 207 et seq. Venue lies within this district pursuant to 28 U.S.C. Section 1391.

## III. PARTIES

4.  Plaintiffs are current and former employees of the Fire Department, employed in various ranks—including but not limited to Firefighter Paramedics, Captains, Battalion Chiefs, and Fire Engineers—who maintained a Paramedic license, and who were employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e), during all relevant times.) and are entitled to the rights, protections, and benefits of the FLSA.

5.  Defendant is a political subdivision of the State of California. Defendant is an "employer" within the meaning of 29 U.S.C. Section 203(d), an "enterprise" under 29 U.S.C. Section 203(r), and a "public agency" within the meaning of 29 U.S.C. Section 203(x). Defendant employs or employed the Plaintiffs.

## IV. COLLECTIVE ACTION

6.  Plaintiffs bring this action on behalf of themselves and other similarly situated individuals who are or were non-exempt employees in Defendant's Fire Department at any time during the three years preceding the filing of this action and were deprived of their complete statutorily required overtime compensation as described in this Complaint.

7.  Pursuant to 29 U.S.C. Sections 216(b) and 256, the named Plaintiffs have executed and hereby file with the Court their consents in writing to become party Plaintiffs in this action. (**Exhibit A**) When other similarly situated individuals join this action, their consents will be filed with the Court. The written consent forms identify each Plaintiff by name and reflect their intent to be a party to this lawsuit.

## V. FACTUAL ALLEGATIONS

8.  Plaintiffs and all similarly situated individuals are or were non-exempt employees of Defendant during the three years preceding the filing of this action.

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** - 2

9. Plaintiff regularly worked in excess of 40 hours per week, and Defendant was aware of this.

//

10. Defendant failed to include this paramedic bonus/stipend in calculating Plaintiff's "regular rate" of pay under 29 U.S.C. § 207(a).

11. As a result, Plaintiff was paid overtime compensation that was less than one and one-half times the actual regular rate of pay, in violation of the FLSA.

12. At all times relevant herein, Defendant required, suffered or permitted Plaintiffs to work overtime hours under 29 U.S.C. Section 207.

13. At all times relevant herein, Defendant failed to properly pay the "paramedic certification bonus" of $500 plus the cost of recertification upon which the overtime compensation for Plaintiffs and all similarly situated individuals must be paid based under 29 U.S.C. Section 207(a).

11. Article 44 Section A(2) of the relevant contract between the City and the employees provides that "A paramedic certification bonus of $500 plus the cost of recertification shall be paid to all personnel in the Bargaining Unit, excluding fire recruits, upon certification or recertification who maintain paramedic eligibility in accordance with A.1. of this Article."

12. In December of 2024, the Department agreed to include the paramedic certification bonus in the FLSA overtime rate but refused to pay any statutory liquidated damages or backpay.

13. This failure to properly pay and compensate the employees impacted approximately 400 qualified firefighter paramedics.

14. Defendant's failure to include the stipend in Plaintiff's regular rate of pay was willful and not based on a good faith or reasonable interpretation of the law.

### The City's Formulas For Calculating FLSA Paramedic Certification Bonus

15. Under 29 U.S.C. Section 207(a), the regular rate of pay is produced by dividing all remuneration for employment by the employee's regularly scheduled hours worked, and the FLSA overtime rate is one and one-half times the regular rate of pay.

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** - 3

16. The $500 bonus clearly has to be included in the FLSA overtime rate. Such a payment is clearly within the scope of "remuneration for employment" under Section 207(e) of the FLSA and would not be subject to exemption from the regular rate of pay under Section 207(e)(1) of the FLSA.

17. The amount of the bonus should be amortized over multiple 7(k) work periods per 29 CFR § 778.209.

**Liquidated Damages and Willfulness**

18. Defendant's failure to properly pay the paramedic certification bonus to Plaintiffs and all similarly situated individuals was neither reasonable nor in good faith and was a willful violation of the FLSA.

**FIRST COUNT**

**Violation of 29 U.S.C. Section 207(a)-The Improper Treatment Of Cash-In-Lieu Payments Under The FLSA**

19. Plaintiffs incorporate by reference paragraphs 1 through 18, inclusive, as though set forth herein.

20. Defendant violated the FLSA by failing to properly calculate and pay overtime wages at one and one-half times Plaintiff's regular rate, including all nondiscretionary stipends/Bonuses.

21. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and is entitled to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

22. Defendant's failure to compensate Plaintiffs and all similarly situated individuals as required by the FLSA was neither reasonable nor in good faith.

23. Plaintiffs and all similarly situated individuals are entitled to damages and liquidated damages as allowed by the FLSA for a period of up to three years immediately preceding the filing of this action.

24. The employment and work records for Plaintiffs and similarly situated individuals are in the exclusive possession, custody and control of the City, and Plaintiffs are unable to state at this time the exact amounts owing to them. The City is under a duty imposed by the FLSA, 29 U.S.C.

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** - 4

Section 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment records.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all similarly situated individuals pray for judgment as follows:

1. Recovery of monetary damages in the form of unpaid overtime compensation arising from the improper payment of the paramedic certification bonus compensation.
2. Liquidated damages equal to the amount of unpaid paramedic bonus compensation, plus prejudgment and post-judgment interest;
3. A determination that Defendant willfully violated the FLSA thereby entitling Plaintiffs and all similarly situated individuals to recover monetary damages for a three-year period preceding the filing of this action;
4. A complete and accurate accounting of all compensation to which Plaintiffs and all similarly situated individuals are entitled;
5. For reasonable attorneys' fees pursuant to 29 U.S.C. Section 216(b);
6. For costs of suit incurred herein, and
7. For such other and further relief as the Court deems just and proper

Dated: August 7, 2025         LAW OFFICES OF JAMES J. CUNNINGHAM, APC

By: _____
James J. Cunningham, Esq.
*Attorney for Plaintiffs*

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT - 5**

# EXHIBIT A

**CONSENT TO JOIN ACTION**
**(FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))**
**LITIGATION ENTITLED:**
*DUARDO, ET AL. v. CITY OF SAN DIEGO*

I, _George Duardo_, of San Diego County, State of California, hereby consent to become a party to the litigation action entitled *George Duardo, et al. v. City of San Diego* filed on ___August 7, 2025___ in the Southern District Court of California under the Fair Labor Standards Act (FLSA). The lawsuit alleges that the City of San Diego failed to properly compensate its employees for the paramedic bonus as part of the "regular rate" of pay used to calculate Plaintiffs' compensation under the FLSA. I am, or was, employed by the City of San Diego during some or all of the period in the three years preceding the signing of this Consent. This action has been brought on my behalf and on the behalf of similarly situated employees of the City of San Diego pursuant 29 U.S.C. § 216 (b) of the FLSA. Unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief are sought in the action.

I hereby designate the Law Offices of James Cunningham, APC as legal counsel to represent me for all purposes in this action.

_[signature]_
Signature

_George Duardo_
Printed Name

_gduardo@sdfire.org_
Email Address

_7-9-25_
Date

## CONSENT TO JOIN ACTION
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))
### LITIGATION ENTITLED:
### *DUARDO, ET AL. v. CITY OF SAN DIEGO*

I, __NICHOLAS HIBBS__, of San Diego County, State of California, hereby consent to become a party to the litigation action entitled *George Duardo, et al. v. City of San Diego* filed on __August 7, 2025__ in the Southern District Court of California under the Fair Labor Standards Act (FLSA). The lawsuit alleges that the City of San Diego failed to properly compensate its employees for the paramedic bonus as part of the "regular rate" of pay used to calculate Plaintiffs' compensation under the FLSA. I am, or was, employed by the City of San Diego during some or all of the period in the three years preceding the signing of this Consent. This action has been brought on my behalf and on the behalf of similarly situated employees of the City of San Diego pursuant 29 U.S.C. § 216 (b) of the FLSA. Unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief are sought in the action.

I hereby designate the Law Offices of James Cunningham, APC as legal counsel to represent me for all purposes in this action.

_____
Signature

__NICHOLAS HIBBS__
Printed Name

__NHIBBS@SDFIRE.ORG__
Email Address

__7/8/25__
Date

**CONSENT TO JOIN ACTION**
**(FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))**
**LITIGATION ENTITLED:**
*DUARDO, ET AL. v. CITY OF SAN DIEGO*

I, __JASON DENEAU__, of San Diego County, State of California, hereby consent to become a party to the litigation action entitled *George Duardo, et al. v. City of San Diego* filed on __August 7, 2025__ in the Southern District Court of California under the Fair Labor Standards Act (FLSA). The lawsuit alleges that the City of San Diego failed to properly compensate its employees for the paramedic bonus as part of the "regular rate" of pay used to calculate Plaintiffs' compensation under the FLSA. I am, or was, employed by the City of San Diego during some or all of the period in the three years preceding the signing of this Consent. This action has been brought on my behalf and on the behalf of similarly situated employees of the City of San Diego pursuant 29 U.S.C. § 216 (b) of the FLSA. Unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief are sought in the action.

I hereby designate the Law Offices of James Cunningham, APC as legal counsel to represent me for all purposes in this action.

_____
Signature

__JASON DENEAU__
Printed Name

__jpdeneau@yahoo.com__
Email Address

__7/2/25__
Date