UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE DUARDO, et al.,<br><br>                       Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO,<br><br>                   Defendant. | Case No.: 25-cv-02311-AJB-BLM<br><br>**ORDER GRANTING IN PART JOINT MOTION FOR CONDITIONAL CERTIFICATION OF THE ACTION AND APPROVAL OF NOTICE OF THE COLLECTIVE ACTION**<br><br>**(Doc. No. 9)** |

Before the Court is the Joint Motion for Conditional Certification of the Action and Approval of Notice of the Collective Action filed by Plaintiffs George Duardo, Nick Hibbs, and Jason Deneau (collectively, "Plaintiffs") and Defendant City of San Diego (the "City"). (Doc. No. 9.)

For the following reasons, the Court **GRANTS in part** the joint motion for the limited purpose of providing notice to prospective collective action members. (*Id.*)

## I.     BACKGROUND

Plaintiffs are fire fighters employed by the City. (*Id.* ¶ 1; *see also* Doc. No. 1 ¶ 4.) As a part of their employment contract, the City provides Plaintiffs with a "paramedic

1

certification bonus of $500 plus the cost of recertification." (Doc. No. 1 ¶ 11(2).[1]) Plaintiffs allege, however, that the City has violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, (the "FLSA") by failing to include the paramedic bonus in calculating their regular rate of pay under the Act. (*Id.* ¶¶ 2, 10–16.) Because the City's alleged action implicates other current and former employees, Plaintiffs bring this matter as a collective action under 29 U.S.C. § 216(b). (*Id.* ¶¶ 4, 6–7.)

The parties have agreed to conditional, or preliminary, certification "to facilitate notice to former or current employees who may be 'similarly situated' to the Plaintiffs" so that they "may become parties to the action by timely filing written consent with the [C]ourt." (Doc. No. 9 ¶¶ 3–4.) The parties have also provided a proposed notice that they intend to provide to such former and current employees. (*Id.* ¶ 5; *see also* Doc. No. 9-1.)

## II.    LEGAL STANDARD

Under the FLSA, an employee may bring a collective action "in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). The Ninth Circuit employs a two-step approach to collective action certification: (1) preliminary certification and (2) decertification. *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1110 (9th Cir. 2018). At the preliminary certification step, the district court evaluates whether the identified collective is "similarly situated."

> At this first stage, the court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. If a plaintiff can survive this hurdle, the district court will conditionally certify the proposed class and the lawsuit will proceed to a period of notification, which will permit the potential class members to opt-into the lawsuit. At the second step, in response to a motion to decertify the class filed by the defendant, the court makes yet another determination whether the proposed class members are similarly situated; this time, however, the court utilizes a much stricter standard to scrutinize the nature of the claims.

---

[1] The complaint reuses paragraph numbers 11, 12, and 13. (*See id.* at 3.) For clarity, the Court refers to the first instance of a paragraph number with a "(1)" parenthetical, *e.g.*, "11(1)," and the second instance of a paragraph number with a "(2)" parenthetical, *e.g.*, "11(2)."

25-cv-02311-AJB-BLM

*Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010) (cleaned up). The burden at the first step is "light." *Id.* For preliminary certification, a plaintiff only needs to show "that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Scales v. Information Strategy Design Inc.*, 356 F. Supp. 3d 881, 885 (D. Ariz. 2018) (quoting *Wertheim v. Arizona*, No. CIV 92-453-PHX-RCB, 1993 WL 603552, at *1 (D. Ariz. Sept. 30, 1993)). In other words, "[t]he court must only be satisfied that a 'reasonable basis' exists for the plaintiff's claims of class wide injury." *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1119 (W.D. Wash. 2011) (quoting *Khadera v. ABM Indus. Inc.*, 701 F. Supp. 2d 1190, 1194 (W.D. Wash. 2010)). "Given the light burden, motions to conditionally certify a class for notification purposes are 'typically' granted." *Colson*, 687 F. Supp. 2d at 925 (quoting *Lemus v. Burnham Painting & Drywall Corp.*, No. 2:06-cv-01158-RCJ-PAL, 2007 WL 1875539, at *3 (D. Nev. June 25, 2007)).

"In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989). Courts must avoid authorizing a notice procedure that amounts to "the solicitation of claims." *Id.*

## III.   DISCUSSION

The Court finds that conditional certification is appropriate. Plaintiffs implicitly allege that all putative collective action members received a paramedic bonus/stipend as part of their employment by the City. (*See* Doc. No. 1 ¶¶ 8–11(1), 13(2).) Plaintiffs explicitly allege the City "willful[ly]" "failed to include this paramedic bonus/stipend in calculating [the putative collective action members'] 'regular rate' of pay under 29 U.S.C. § 207(a)." (*Id.* ¶¶ 10, 14.) Determining for all putative collective action members whether the City's alleged actions violated the FLSA will "promote[] judicial efficiency and

comport[] with the broad remedial policies underlying the FLSA." *Scales*, 356 F. Supp. 3d at 885.

The Court further finds that the parties' proposed notification procedure is generally appropriate. In particular, the parties propose that Plaintiffs' counsel "distribute the [proposed notice] by email or regular first-class mail to former or current employees eligible to join the lawsuit who have not already done so." (Doc. No. 9 ¶ 6.) This distribution will be based on a list of eligible individuals provided by the City within 14 business days of the Court's granting of conditional certification. (*Id.*) The parties propose a 60-day deadline within which potential collective action members may respond. (*Id.* ¶ 7.) The parties indicate that the proposed notice "will be disseminated once by regular mail or email and that 30-days prior to the opt-in deadline, Plaintiffs' counsel may, at their option and expense, email a reminder to individuals . . . who have not responded to the [proposed notice]." (*Id.*; *see also* Doc. No. 9-2 ¶ 7.)

The notification and reminder should both be distributed by mail and email, where available. The parties do not offer any explanation for how Plaintiffs' counsel will determine whether to provide the notice via regular mail or email. (*See generally* Doc. No. 9; *see also* Doc. No. 9-2.) Nor do the parties explain why allowing Plaintiffs' counsel to choose one method or the other, instead of requiring the initial distribution to be completed by both methods, would be sufficient. (*See generally* Doc. No. 9; *see also* Doc. No. 9-2.)

"Notice by regular mail is the standard method of notice for putative FLSA collective action members." *Washington v. Freedom of Expression LLC*, No. CV-21-01318-PHX-MTL, 2022 WL 4615033, at *3 (D. Ariz. Sept. 30, 2022). The Court additionally believes that notice via email to all putative collective action members for whom the City has personal email addresses will impose negligible additional costs on Plaintiffs' counsel if notice is provided via email to any potential member. Under these circumstances, Plaintiffs' counsel must distribute the notice via regular mail to all putative FLSA collective action members, and via email to all putative FLSA collective action members for whom the City has personal email addresses.

25-cv-02311-AJB-BLM

Additionally, the parties do not offer any explanation for why the reminder should be distributed only via email, especially given the City's recognition that it may not have email addresses for all putative FLSA collective action members. (*See generally* Doc. No. 9; *see also* Doc. No. 9-2 ¶ 6 ("personal email address (if available)").) Thus, if Plaintiffs' counsel chooses to distribute a reminder, Plaintiffs' counsel must distribute the reminder to all putative FLSA collective action members who have not responded via regular mail and email.

The Court also finds that the proposed notice properly avoids the appearance of judicial endorsement of the action. *See Hoffman-LaRoche*, 493 U.S. at 174. The Court consequently approves the proposed notice without modifications.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** the Joint Motion for Conditional Certification of the Action and Approval of Notice of the Collective Action.

- The collective action is conditionally certified.
- The parties' proposed notification procedures are approved with the following alterations:
  - The City must provide Plaintiffs' counsel with a list of former or current employees eligible to join the lawsuit by February 18, 2026.
  - Plaintiffs' counsel must expeditiously distribute the notice of pending action via regular mail and email.
  - Plaintiffs' counsel may, at their option and expense, distribute a reminder 20 days prior to the opt-in deadline via regular mail and email.
- The parties' proposed notice is approved.

**IT IS SO ORDERED.**

Dated: January 28, 2026

Hon. Anthony J. Battaglia
United States District Judge

25-cv-02311-AJB-BLM